NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL CHRISTOPHER HAMILTON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> RONALD DAVIS, Warden of San Quentin Prison; RALPH DIAZ, Secretary of CDCR; CLARENCE CRYER; ALLISON PACHYNSKI; RON BROOMFIELD; STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; SAN QUENTIN REHABILITATION CENTER, <br><br> Defendants - Appellees. | No. 24-4162 <br><br> D.C. No. 3:23-cv-06620-VC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted July 15, 2025[**]

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Paul Christopher Hamilton appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal on the basis of the applicable statute of limitations); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (sua sponte dismissal under Federal Rule of Civil Procedure 12(b)(6)). We affirm.

The district court properly dismissed Hamilton's action as time-barred because Hamilton failed to file this action within the applicable statute of limitations even with the benefit of statutory tolling. *See* Cal. Civ. Proc. Code §§ 335.1, 352.1 (setting forth two-year statute of limitations for personal injury and negligence claims; permitting statutory tolling of up to two years due to imprisonment); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (explaining that § 1983 claims are governed by the forum state's statute of limitations for personal injury claims, including state law regarding tolling); *Austin v. Medicis*, 230 Cal. Rptr. 3d 528, 540-42 (Ct. App. 2018) (reasoning that tolling under section 352.1 historically would not have been understood to apply to parolees).

The district court did not abuse its discretion in denying Hamilton's post-judgment motion because Hamilton failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th

Cir. 1993) (setting forth standard of review and bases for reconsideration under Federal Rule of Civil Procedure 60(b)).

Hamilton's motion (Docket Entry No. 5) for judicial notice is denied as unnecessary.

**AFFIRMED.**